IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANIEL HUEREQUE-MERCADO,

    Movant-Defendant,

vs.                                                      Civ. No. 98-1542 HB/LCS
                                                        Crim. No. 96-376 HB

UNITED STATES OF AMERICA,

    Respondent-Plaintiff.

**MAGISTRATE JUDGE'S PROPOSED FINDINGS
AND RECOMMENDED DISPOSITION**

Proposed Findings

1. This matter comes before the Court upon Movant-Defendant's (Mercado) Motion Under 28 U.S.C. 2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody, filed December 18, 1998. Mercado raises the following grounds in support of his §2255 motion:

    a. Ineffective assistance of counsel occurred when despite Mercado's requests to trial defense counsel, Charles Harwood, Mr. Harwood failed to file a direct appeal challenging the length of Mercado's sentence;

    b. Mercado's right to equal protection is being violated because as an alien he cannot earn industrial or meritorious good time credit; and

    c. Mercado's sentence should be reduced because as an alien he cannot participate in pre-release custody or the 500 hour drug program.

1

A. Procedural Default

2. The Respondent-Plaintiff (USA) contends first that this §2255 motion is procedurally barred because Mercado never filed a direct appeal. "[A] defendant may not raise claims that were not presented on direct appeal unless he can show cause and prejudice resulting from the error... A defendant may establish cause for procedural default by showing that he received ineffective assistance of counsel in violation of the Sixth Amendment." *United States v. Cook*, 45 F.3d 388, 392 (10th Cir. 1995)(citations omitted).

3. In this case, Mercado claims that he received ineffective assistance of counsel when he requested Mr. Harwood to file a notice of appeal but he failed to do so. This claim is in effect Mercado's assertion of cause and prejudice; his excuse for the procedural default of failing to file a notice of appeal. "[A] defendant is denied effective assistance of counsel if he asks his counsel to file an appeal and the counsel fails to do so." *United States v. Youngblood*, 14 F.3d 38, 40 (10th Cir. 1994)(citing *United States v. Davis*, 929 F.2d 554, 557 (10th Cir. 1991)). Mercado has clearly stated an ineffective assistance of counsel claim. Consequently, he has established cause for the procedural default. However, a review of the remaining grounds of Mercado's §2255 motion challenging the length of his sentence show that he has failed to establish the prejudice necessary to excuse the procedural default.[1]

---

[1] Presumably, Mercado would have asked Mr. Harwood to argue those remaining grounds in the notice of appeal.

B. Merits of the §2255 Motion

Good Time Credit

4. Mercado complains that he is being unconstitutionally deprived of the opportunity to earn industrial and meritorious good time credit under 18 U.S.C. §4162. Section 4162, however, was repealed and no longer applies to any federal inmates including aliens. Moreover, Mercado can nonetheless earn good time credit if he complies with 18 U.S.C. §3624(b). I, therefore, find that Mercado's good time argument is without merit.

Pre-Release Custody and 500 Day Drug Programs

5. Mercado also contends that he is being constitutionally deprived of the opportunity to participate in the pre-release custody and 500 day drug programs because of his status as an alien. To the extent that Mercado is arguing that the District Judge should have taken his alien status into account when he sentenced Mercado, Mercado is in error. *United States v. Mendoza-Lopez*, 7 F.3d 1483, 1487 (10th Cir. 1993), *cert. denied*, 511 U.S. 1036 (1994) held that the "'unduly harsh consequences of imprisonment for deportable aliens'" is not a sufficient reason to make a downward departure of a defendant's sentence.

6. If Mercado is contesting the constitutionality of the execution of his sentence by the Bureau of Prisons, the appropriate avenue for relief is a petition under 28 U.S.C. §2241. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). That petition must be filed in the district where the prisoner is confined. *Id.* In this case, Mercado is imprisoned in Texas and would have to file his §2241 petition in the appropriate Texas district court. But before Mercado can file a §2241 petition, he must first exhaust his administrative remedies with the Bureau of Prisons. *See Williams v. O'Brien*, 792 F.2d 986, 987 (10th Cir. 1986). I conclude that Mercado's arguments

concerning his inability to participate in the pre-release custody and 500 day drug programs are without merit and at the very least fail to state a viable §2255 claim.  In sum, Mercado has failed to excuse his procedural default and this matter should be dismissed on that ground.

## Recommended Disposition

I recommend denying this §2255 motion and dismissing this cause with prejudice.  Timely objections to the foregoing may be made pursuant to 28 U.S.C. §636(b)(1)(C).  Within ten days after a party is served with a copy of these proposed findings and recommendations that party may, pursuant to §636(b)(1)(C), file written objections to such proposed findings and recommendations.  A party must file any objections within the ten day period allowed if that party wants to have appellate review of the proposed findings and recommendations.  If no objections are filed, no appellate review will be allowed.

_____
Leslie C. Smith
United States Magistrate Judge